SARAH S. PRIMMER et al., Appellants, *v.* CLARA E. PRIMMER, Individually and as Executrix of JOHN D. PRIMMER, Deceased, Respondent.

*Primmer* v. *Primmer*, 166 App. Div. 402, affirmed.
(Submitted December 12, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 6, 1915, affirming a judgment in favor of defendant entered upon a verdict in an action commenced September 2, 1913, under section 2653a of the Code of Civil Procedure, as it then existed, to set aside a codicil to the last will and testament of John D. Primmer, deceased, upon the grounds that the decedent was incompetent to make the codicil and also of undue influence.

*Pierce H. Russell* and *Alvin E. Mambert* for appellants.

*Clarence E. Holmes* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ.

---

ELIZABETH HUBBELL, as Administratrix of the Estate of WILMONT HUBBELL, Deceased, Appellant, *v.* PIONEER PAPER COMPANY, Respondent.

*Hubbell* v. *Pioneer Paper Co.*, 171 App. Div. 961, affirmed.
(Argued December 12, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 18, 1915, affirming a judgment in favor of defendant entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer. The intestate was employed as a

paper machine tender in defendant's mill. At the time of the accident he was away from the machine at which he was employed, and down in a pit or hole beneath the floor in another part of the building. He went there to see what was the matter with a certain pump or to assist in fixing it. The material question was whether intestate was in the line of his duty in going into the pit.

*Harold H. Corbin* and *Walter P. Butler* for appellant.

*Nash Rockwood* and *L. B. McKelvey* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ.

---

LOUIS SHERRY, Appellant, *v.* PIERRE PROAL, as Administrator with the Will Annexed of ARTHUR PROAL, Deceased, Respondent.

*Sherry* v. *Proal*, 166 App. Div. 918, affirmed.
(Submitted December 12, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 5, 1915, affirming a judgment in favor of defendant entered upon a verdict in an action to recover rent alleged to be due under a lease. The answer was a general denial. The question on each of the trials was whether or not the jury would accept the defendant's version of what occurred in the conversation with Flauraud in July, 1906, or whether they would accept Flauraud's version thereof. Flauraud testified as a witness upon the first and second trials but died before the third trial. On the fourth trial his testimony was read in evidence under the provisions of section 830 of the Code of Civil Procedure. The grounds relied on for reversal are, *first*, that Flauraud being dead, the court erred in permitting the defendant to testify to the conversation had